UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA L. PREATO,<br>Plaintiff, | : <br> : <br> : | CIVIL CASE NO. |
| VS. | : <br> : | |
| UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER, CORRECTIONAL<br>MANAGED HEALTH CARE.<br>Defendant. | : <br> : <br> : <br> : | JANUARY 10, 2012 |

## COMPLAINT

**I.   PRELIMINARY STATEMENT**

1. The plaintiff, Linda L. Preato, a clinical social worker employed by the defendant, University of Connecticut Health Center, Correctional Managed Health Care, seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees against the defendant, University of Connecticut Health Center, Correctional Managed Health Care, pursuant to Title VII of the Civil Rights Act of 1964, as amended, to redress the unlawful retaliation to which the plaintiff had been subjected on account of her filing a sexual harassment complaint against Dr. Steven Lazrove, the defendant's director of clinical services, health services unit.

**II.   JURISDICTION**

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e,

1

et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3. Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 2201(a), and Title 42 U.S.C. §2000e-5(f).

4. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

    i. A charge of employment discrimination on unlawful retaliation was filed on or about September 13, 2010, with both the State of Connecticut Commission on Human Rights and Opportunities and with the United States Equal Employment Opportunity Commission, which filing was within 180 days, in the case of the former, and 300 days, in the case of the latter, of the commission of the unlawful employment practices alleged therein;

    ii. On December 21, 2011, the plaintiff was issued a "Notice of Right to Sue Within 90 Days" by the United States Department of Justice. *Exhibit 1.*

5. Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g).

6. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

### III. VENUE

7. This action properly lies in the District of Connecticut pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practices of which the plaintiff complains were committed in this judicial district.

### IV. PARTIES

8. The plaintiff is a citizen of the United States and resides in the State of Connecticut.

9. The plaintiff is an "employee" as defined by Title VII of the Civil Rights Act of 1964, as amended.

10. The defendant is an administrative agency of the State of Connecticut.

11. The defendant employs more than fifteen individuals.

12. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

13. The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

### V. STATEMENT OF FACTS

14. The defendant provides professional mental health services to the inmates at York Correctional Institution.

15. Except for the period May 31, 2002 to July 25, 2003, when the plaintiff was assigned to the Osborn Correctional Institution, the defendant employed the plaintiff as a

clinical social worker assigned to York Correctional Institution to provide professional services to the inmates of the institution from July 16, 1999 to the date of her most recent transfer on December 11, 2010.

16. Since March of 2008, Dr. Steven Lazrove ("Lazrove") has served as the defendant's director of clinical services at York Correctional Institution, and exercised overall supervision of the plaintiff's employment.

17. Although not the plaintiff's immediate supervisor, Lazrove, as director of clinical services, had supervisory authority over the plaintiff's employment.

18. Commencing in June of 2008 and continuing through March of 2009, the plaintiff became the victim of Lazrove's sexually harassing conduct.

19. In April of 2009, the plaintiff filed a complaint against Lazrove with the defendant's Office of Diversity and Equity ("ODE"), in which she alleged that she had been the victim of Lazrove's persistent sexual harassment.

20. Shortly after the ODE investigation, Lazrove's sexual harassment of the plaintiff stopped, only to be replaced by a concerted pattern of retaliation which Health Services Administrator ("HSA"), Ronald LaBonte ("LaBonte"), the defendant's highest ranking management official assigned to York Correctional Institution, and Lazrove continually directed against the plaintiff for having filed the sexual harassment complaint against Lazrove.

21. Lazrove and Labonte were fully aware that the plaintiff had filed a sexual harassment complaint against Lazrove, when they retaliated against the plaintiff.

22. On May 29, 2009, the ODE issued a final report on its investigation into the allegations of sexual harassment, which Preato had filed against Lazrove.

23. Upon learning of the sexual harassment complaint which the plaintiff had filed with the ODE, Lazrove and LaBonte subjected the plaintiff to numerous acts of retaliation, which were condoned and supported by the defendant.

24. The acts of retaliation included the following:

    i. After the plaintiff filed the complaint of sexual harassment against Lazrove, LaBonte and Lazrove subjected the plaintiff to unreasonably close scrutiny and discipline, subjecting her to constant monitoring of her whereabouts, even to the extent of calling her on her personal cell phone to inquire about her location.

    ii. The close scrutiny of the plaintiff and the calling of her cell phone to determine her whereabouts were extraordinary, unlike the defendant's treatment of its other employees, who were similarly situated to the plaintiff.

    iii. In September 2009, Lazrove insisted that the plaintiff sign off on downgrades that he and LaBonte had made to performance evaluations, which the plaintiff had previously prepared regarding the job performance of various

employees of the defendant who had participated in the ODE investigation of Lazrove's sexually harassing conduct.

    a. Although the plaintiff had accurately and objectively rated the job performance of these employees, Lazrove and LaBonte insisted she lower their ratings in furtherance of their retaliation against employees who had participated in the investigation of Lazrove's sexually harassing behavior.

    b. The plaintiff strongly disagreed with many of the downgrade changes which Lazrove and LaBonte insisted on making to the various performance evaluations which the plaintiff had completed.

    c. As a result, the plaintiff refused to sign off on the downgraded evaluations.

    d. During a meeting with Labonte and Lazrove, the plaintiff indicated that she was well aware that LaBonte and Lazrove had chosen to downgrade the evaluations of only those individuals who had testified or submitted statements on the plaintiff's behalf during ODE's investigation of her sexual harassment complaint.

    e. LaBonte and Lazrove were not only retaliating against those employees who had testified or submitted statements on the plaintiff's

      behalf during ODE's investigation of her sexual harassment complaint by lowering their performance evaluations, but they were also retaliating against the plaintiff by trying to diminish her professional reputation in the eyes of the employees whose performances she had rated.

  f. When the plaintiff refused to unfairly lower the ratings as demanded by Lazrove and LaBonte, Lazrove and LaBonte obtained signatures on the downgraded evaluations from another supervisor.

  g. Prior to the plaintiff filing a sexual harassment complaint against Lazrove, her ratings of employees' performances had never been questioned or revised.

iv. Beginning in March 2010, and continuing to the plaintiff's current transfer, Lazrove removed the plaintiff's supervisory duties and reassigned them to Dr. Gail Demarco, Dr. Sue Sampl and Dr. Bill Chalsma.

  a. The plaintiff's remaining duties now involved front line/direct service contact with inmates, functions that had previously been delegated to the plaintiff's staff during the previous 10 years of her employment with the defendant.

b. By removing the plaintiff's higher level of duties and responsibilities, the defendant downgraded and significantly diminished the plaintiff's professional status and reputation.

c. There was not a legitimate, non-retaliatory reason for the defendant to remove the duties and responsibilities which had been given to her in recognition of her professional expertise and exemplary performance.

d. The plaintiff's front line duties included responding to crisis calls in addition to processing new inmate admissions and conducting group and individual therapy sessions.

e. The plaintiff was exceptionally qualified to perform the duties which had been removed from her, and she had consistently performed these duties in an exemplary manner.

f. The plaintiff is a licensed clinical social worker; she possesses a Master in Social Work from the University of Connecticut, and from 1999 to 2009, she has consistently been rated excellent in the evaluations of her performance.

g. Removing the duties and responsibilities from the plaintiff resulted in a significant lessening of the plaintiff's professional status at York Correctional Institution.

v. On August 24, 2010, Lazrove and LaBonte intensified their retaliatory behavior when they conducted a pre-disciplinary hearing in which they falsely accused the plaintiff of failing to complete her assignment, disregarding an instruction from Lazrove, and providing false information during the investigation of the incident giving rise to the hearing.

    i. The incident for which LaBonte and Lazrove convened the pre-disciplinary hearing concerned two uncompleted inmate admissions on July 8, 2010, that were passed to the second shift by a co-worker of the plaintiff.

    ii. There was no basis on which to justify disciplining the plaintiff, or even to investigate her conduct, since it had been a long established practice for uncompleted admissions to be passed between shifts.

    iii. As a result of the fabricated charges lodged against the plaintiff by LaBonte and Lazrove, the plaintiff was unfairly suspended by the defendant for a period of three days.

    iv. As a result of an appeal of the suspension, the plaintiff's suspension was reduced to a written reprimand by defendant's labor relations officer.

9

vi. On September 29, 2010, the defendant further retaliated against the plaintiff for filing a sexual harassment complaint against Lazrove, and for filing a complaint against the defendant for unlawful retaliation with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission Employment Opportunity Commission, by issuing her the worst performance evaluation she had ever received in all of her professional career.

    a. The defendant fabricated the ratings of the plaintiff in retaliation for her opposition to unlawful sexual harassment and unlawful retaliation.

    b. When the defendant issued the plaintiff the unsatisfactory performance evaluation, the defendant was fully aware that the plaintiff had filed a complaint of unlawful retaliation against it with the state of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission.

    c. As a result of an appeal of the retaliatory performance evaluation, the plaintiff's unsatisfactory rating was rescinded by the defendant's labor relations officer.

vii. On November 5, 2010, the defendant falsely claimed that the plaintiff's position of Clinical Social Worker Associate was no longer critical to the

clinical services at York, and on November 19, 2010, informed the plaintiff that her position would be eliminated and she would be transferred to the Northern Correctional Institute, second shift, effective December 11, 2010.

    a. The defendant informed the plaintiff of the elimination of her position and of her transfer to the Northern Correctional Institute, second shift, within one month of the filing of the plaintiff's complaint of unlawful retaliation with the state of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission.

    b. When the defendant eliminated the plaintiff's position and transferred her to another facility, the defendant was fully aware that the plaintiff had filed a complaint of unlawful retaliation against it with the state of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission.

    c. The defendant was aware that the transfer of the plaintiff to the Northern Correctional Institute would cause the plaintiff severe personal difficulty considering the distance she would have to travel from the plaintiff's home to the Northern Correctional Institute.

    d. The defendant transferred the plaintiff to the most distant facility from the plaintiff's without legitimate reason.

    e. The defendant's contention that the plaintiff's position was no longer needed at York Correctional Institution, after the plaintiff had filled the position for a period in excess of ten years was untrue and a pretext to cover up the defendant's unlawful retaliation.

    f. Despite being punitively assigned to the Northern Correctional Institution, the plaintiff's job performance has once again been rated by her supervisor as excellent, unlike retaliatory rating given to her at the direction of LaBonte and Lazrove.

## VI.   FIRST CAUSE OF ACTION (Retaliation For Opposing Unlawful Sexual Harassment In Violation of Title VII of the Civil Rights Act of 1964, as amended)

25-48. The plaintiff incorporates as if re-alleged paragraphs 1 through 24.

49. The defendant discriminated against the plaintiff on the basis of the plaintiff's opposition to the unlawful gender discrimination when it retaliated against her for filing a sexual harassment complaint with ODE.

50. The defendant discriminated against the plaintiff on the basis of activity protected under the provisions of Title VII of the Civil Rights Act of 1964, as amended, when it retaliated against her for filing a claim of unlawful sexual harassment with the defendant's ODE.

51. Because the plaintiff's opposition to the sexually harassing conduct of Lazrove was a motivating factor and made a difference in the retaliatory and harassing manner in which the plaintiff was treated by her supervisors, Lazrove and LaBonte, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

52. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

53. A reasonable employee would find these retaliatory actions taken against the plaintiff to be materially adverse.

54. The defendant's retaliatory actions have caused the plaintiff to suffer humiliation, embarrassment and emotional distress as well as an economic loss of compensation.

55. Since the defendant retaliated against the plaintiff because of the sexual harassment complaint which she filed against the defendant, the defendant violated the anti-retaliatory provisions of Title VII of the Civil Rights Act of 1964, as amended.

56. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

### VII. SECOND CAUSE OF ACTION (Retaliation For Filing Unlawful Retaliation Complaints with the United States Equal Employment Opportunity Commission, and the State of Connecticut Commission on Human Rights and Opportunities In Violation of Title VII of the Civil Rights Act of 1964, as amended)

57-80. The plaintiff incorporates as if re-alleged paragraphs 1 through 24.

81. The defendant discriminated against the plaintiff because she had filed unlawful retaliation complaints with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission.

82. The defendant discriminated against the plaintiff on the basis of activity protected under the provisions of Title VII of the Civil Rights Act of 1964, as amended, when it retaliated against her for filing a claim of unlawful retaliation against the defendant with the Connecticut Commission on Human Rights and Opportunities, and the United States Equal Employment Opportunity Commission.

83. Since the defendant was motivated by the plaintiff's filing of an unlawful retaliation complaint with the United States Equal Employment Opportunity Commission, and the State

of Connecticut Commission on Human Rights and Opportunities, the defendant violated Title VII of the Civil Rights Act of 1964, as amended, when it subjected the plaintiff to a continuing course of retaliatory conduct.

84. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

85. A reasonable employee would find these retaliatory actions taken against the plaintiff to be materially adverse.

86. The defendant's retaliatory actions have caused the plaintiff to suffer humiliation, embarrassment and emotional distress as well as an economic loss of compensation.

87. Since the defendant retaliated against the plaintiff because of the sexual harassment complaint which she filed against the defendant, and because of her opposition to the defendant's unlawful retaliation, the defendant violated the anti-retaliatory provisions of Title VII of the Civil Rights Act of 1964, as amended.

88. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

## VIII. PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the first and second causes of action:

  i. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended;

  ii. Enjoin the defendant from engaging in such conduct;

  iii. Award plaintiff compensatory damages;

  iv. Award plaintiff economic damages;

  v. Award plaintiff costs and attorney fees; and

  vi. Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – LINDA L. PREATO

BY_____
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
thomasbucci@earthlink.net





**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2013 4379

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

December 21, 2011

Ms. Linda L. Preato
c/o Thomas W. Bucci, Esquire
Law Offices of Willinger, Willinger & Bucci
Attorneys at Law
855 Main Street
Bridgeport, CT  06604

Re: EEOC Charge Against State of Connecticut, UCONN Health Center
   No. 16A201001578

Dear Ms. Preato:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Boston Area Office, Boston, MA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                     Sincerely,

                                     Thomas E. Perez
                                     Assistant Attorney General
                                     Civil Rights Division

                            by       *Karen J. Ferguson*
                                     Karen L. Ferguson
                                     Supervisory Civil Rights Analyst
                                     Employment Litigation Section

cc: Boston Area Office, EEOC
    State of Connecticut, UCONN Health Center